U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JAN - 8 2009

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

DAVID WINN                                CIVIL ACTION NO. 08-1293
    LDOC #105208
VS.                                       SECTION P

JAMES LeBLANC, SECRETARY                  JUDGE DRELL
LA. DEPT. OF CORRECTIONS                  MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

On August 28, 2008, *pro se* petitioner David Winn filed the instant petition for writ of *habeas corpus* pursuant to the provisions of 28 U.S.C. §2254. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is currently incarcerated at the Rayburn Correctional Center, Angie, Louisiana, however when he filed the petition he was incarcerated at the Forcht-Wade Correctional Center in Keithville, Louisiana. Petitioner attacks his April 14, 2008 parole revocation.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies prior to filing his federal petition.

## Statement of the Case

Petitioner was convicted of armed robbery in the Nineteenth Judicial District Court in 1984. On some unspecified date he was released on parole. On April 14, 2008 the Parole Board revoked his parole. It is this parole revocation that petitioner attacks. The basis for this challenge is petitioner's claim that the Parole Board violated his constitutional rights by failing to provide a preliminary hearing as mandated by Louisiana law and the due process clause of the United States Constitution.

## Law and Analysis

### 1. Venue and Jurisdiction

Under current Fifth Circuit law, a collateral attack on a Louisiana parole revocation may be filed in either the judicial district where the petitioner was convicted, or the district where he is incarcerated. See Carmona v. Andrews, 357 F.3d 535 (5th Cir. 2004). Further, venue and jurisdiction attach at the time of filing. See St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir.1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed[.]"); see also Santillanes v. U.S. Parole Comm'n, 754 F.2d 887, 888 (10th Cir.1985) ( "It is well established that jurisdiction attaches on the initial filing for *habeas corpus* relief[.]").

As noted above, when he filed his petition, petitioner was incarcerated at the Forcht-Wade Correctional Center in

2

Keithville, Louisiana. That facility is located within this judicial district, albeit within the Shreveport Division of this court. Nevertheless, petitioner alleged a series of events that occurred in Catahoula, Concordia, Ouachita, and Morehouse Parishes, all of which led up to the revocation of his parole. Therefore, the Clerk of Court assigned the instant civil action to this division of the court.

## 2. Exhaustion of State Court Remedies

Title 28 U.S.C. § 2254 states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State...

This statute codifies the jurisprudential rule of exhaustion which requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution, therefore, it would be inappropriate for a federal

3

district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion also requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

In addition, a federal *habeas* petitioner must "fairly present" his federal constitutional claim to the highest state court. Skelton v. Whitley, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom.* Skelton v. Smith, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir.1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

Following the revocation of his parole, state court remedies were available to the petitioner. La. R.S. 15:574.11(A) provides,

4

"No prisoner or parolee shall have a right of appeal from a decision of the board regarding ... the revocation or reconsideration of revocation of parole, <u>except</u> for the denial of a revocation hearing under R.S. 15:574.9." This statute has been interpreted by the Louisiana Courts to provide for judicial review of parole revocation proceedings "... where the parolee has alleged in his petition for judicial review that his right to a revocation hearing has been denied, <u>or the procedural due process protections specifically afforded by LSA-R.S. 15:574.9 in connection with such a hearing were violated</u>..." See <u>Leach v. Louisiana Parole Bd.</u>, 2007-0848 (La. App. 1 Cir. 6/6/2008), 991 So.2d 1120, 1124 (quoting <u>Madison v. Ward</u>, 2000-2842 (La. App. 1 Cir. 7/3/2002), 825 So.2d 1245.)

Subsection B of the same statute provides, "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests any action of the board shall be in the parish of East Baton Rouge. Venue in a suit contesting the actions of the board shall be controlled by this Part and R.S. 15:571.15 and not the Code of Criminal Procedure, Title XXXI-A, Post Conviction Relief, or Title IX, Habeas Corpus, regardless of the captioned pleadings stating the contrary."

In this proceeding, petitioner claims that he was denied procedural due process when his right to a preliminary hearing was denied, and that denial, in turn, tainted the legitimacy of

5

his parole revocation proceeding. In essence he argues that the revocation of his parole was in violation of the due process protections afforded to him by Louisiana law and the United States Constitution. He was thus authorized under the statute to seek judicial review of his parole revocation.

La. R.S. 15:571.11(C) provides, "The district court shall have appellate jurisdiction over pleadings alleging a violation of R.S. 15:574.9. The review shall be conducted by the court without a jury and shall be confined to the revocation record ... The court may affirm the revocation decision of the Board of Parole or reverse and remand the case for further revocation proceedings. An aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal."

Thus, it appears that petitioner was statutorily authorized to seek review of the Parole Board's decision by filing a petition for review in Louisiana's Nineteenth Judicial District Court, the Judicial District embracing East Baton Rouge Parish. Had such review proved unsuccessful, he was authorized to seek further review in Louisiana's First Circuit Court of Appeal. See Madison v. Ward, 2000-2842 (La. 1 Cir. 7/3/2002), 825 So.2d 1245, 1251, footnote 7. (Therein the court noted that the prior version of R.S.15:574.11 permitted judicial review of Parole Board actions which were alleged to be in violation of 15:574.9; and that such review could be accomplished as provided in the amended

version of the statute-an appeal to the Nineteenth Judicial District Court and then to the First Circuit Court of Appeals if necessary. Or, as stated by the Court, "Pleadings alleging a denial of a revocation hearing under La. R.S. 15:574.9, however styled, should be reviewed on the merits by the (19th Judicial) district court acting in its appellate capacity; the district court's affirmation, modification, or reversal of the board's action would likewise be reviewable under this [First Circuit] court's supervisory jurisdiction.") See also Bertrand v.. Louisiana Parole Board, 2006-0871 (La.App. 1 Cir. 3/28/2007), 960 So.2d 979 and Leach v. Louisiana Parole Bd.,2007-0848 (La. App. 1 Cir. 6/6/2008), 991 So.2d 1120, which discuss the current version of the statute.

In other words, when petitioner's parole was revoked, he was obliged to seek judicial review of alleged due process violations by filing a petition for review in Louisiana's Nineteenth Judicial District Court, and thereafter, if necessary, he had the right to seek review of the District Court's decision in the Louisiana First Circuit Court of Appeals. Under Louisiana's Constitution, petitioner also could invoke the general supervisory jurisdiction of Louisiana's Supreme Court should review of the First Circuit's judgment be deemed necessary and appropriate. See LSA Const. Art. 5, § 5(A).

Under the exhaustion doctrine, petitioner was obliged to


...

seek review in a procedurally correct manner in the Louisiana Supreme Court prior to seeking federal *habeas corpus* relief. The pleadings and exhibits suggest that petitioner did not seek review in the Louisiana Courts [see rec. doc.1, ¶¶6, 7, and 8] and that fact is confirmed by a review of the presumptively reliable published jurisprudence of the State which establishes that no writ actions involving the petitioner were decided by the Louisiana Supreme Court during the relevant time period.

In short, petitioner did not properly exhaust his federal claim by fairly presenting it to the Supreme Court of Louisiana in a procedurally correct manner. Therefore, his due process claim remains unexhausted.

Therefore,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies prior to filing his federal petition.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual**

finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Alexandria, Louisiana, January 8, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE